1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REFUGIO MENA, | Case No.  1:12-cv-00831-SAB |
| Plaintiff, | |
| | ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | (ECF No. 15) |
| Defendant. | |

On May 22, 2012, Plaintiff, proceeding pro se and in forma pauperis, filed the present action in this court seeking review of the Commissioner's denial of an application for benefits. On June 20, 2012, Plaintiff filed a form consenting to the jurisdiction of the magistrate judge; and on November 14, 2012, the Commissioner consented to the jurisdiction of the magistrate judge. (ECF Nos. 8, 9.)  Defendant lodged the Social Security administrative record on March 8, 2013. (ECF No. 12.)  Plaintiff has not filed an opening brief or requested an extension to do so from the Court.   On June 30, 2013, the Court issued an order to show why this action should not be prosecuted for Plaintiff's failure to prosecute and Plaintiff was to respond within twenty-one days.   More than twenty-one days have passed and Plaintiff has not responded to the order to show cause.

The Court has the inherent power to control its docket and may, in the exercise of that

1

power, impose sanctions where appropriate, including dismissal of the action.  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).  In determining whether to dismiss an action for failure to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."  In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action.  Id. (citation omitted).

Based on Plaintiff's failure to comply with or otherwise respond to the court orders, the Court is left with no alternative but to dismiss the action for failure to prosecute.  Id.  Plaintiff filed this action on May 20, 2012, and the Court has issued a scheduling order and an order to show cause to which the Plaintiff has not responded.  This action can proceed no further without Plaintiff's cooperation and compliance with the orders at issue.  The action cannot simply remain idle on the Court's docket, unprosecuted.  Id.

Accordingly, IT IS HEREBY ORDERED that:

1.      This action is DISMISSED, WITHOUT PREJUDICE, for failure to prosecute; and

2.      The Clerk of the Court is directed to CLOSE this action.

IT IS SO ORDERED.

Dated:   **July 23, 2013**

UNITED STATES MAGISTRATE JUDGE